UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

BENJAMIN J. DELO,

                              Plaintiff,                          **24-CV-6025 (JGLC) (VF)**

                      -against-                                   **ORDER**

FORDHAM UNIVERSITY,
                              Defendant.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

On May 23, 2025, Plaintiff filed a motion requesting the Court "consider if the [law] firm [representing Defendant, Cullen and Dykman LLP] should be disqualified" based on an alleged conflict of interest between the attorneys at Cullen and Dykman LLP and Defendant. ECF No. 37. Plaintiff identifies two bases giving rise to alleged conflicts of interest. See ECF No. 38. First, Plaintiff points out that Cullen and Dykman LLP's website identifies at least six partners as alumni of the Defendant university. Id. at 1. Second, Plaintiff alleges that "Cullen and Dykman LLP and its members have made donations to Political Activist groups." Id. As such, Plaintiff urges the Court to compel Cullen and Dykman LLP to "provide a full disclosure of their relationship with the Defendant, as well as an accounting of any Donations made to the Defendant, as well as an accounting of all Political Donations and the Parties donated to." Id.

"While courts within the Second Circuit have noted that parties have standing to seek disqualification of counsel for the opposite party on conflict-of-interest grounds, courts must guard against the tactical use of motions to disqualify counsel, [which are therefore] subject to fairly strict scrutiny." Nolan v. City of N.Y., 754 F. Supp. 3d 548, 552 (S.D.N.Y. 2024) (internal quotation marks and citations omitted). Unless an attorney's conduct will "'taint the underlying trial,' the court should be quite hesitant to disqualify him." Tadier v. Am. Photocopy Equip. Co.,

531 F. Supp. 35, 37 (S.D.N.Y. 1981) (quoting <u>Bd. of Educ. v. Nyquist</u>, 590 F.2d 1241, 1247 (2d Cir. 1979)). As the Second Circuit has explained, disqualification is appropriate in "two kinds of cases: (1) when an attorney's conflict of interests . . . undermines the court's confidence in the vigor of the attorney's representation of his client, or more commonly (2) where the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation." <u>Bobal v. Rensselaer Polytechnic Inst.</u>, 916 F.2d 759, 764-65 (2d Cir. 1990).

Neither of those two grounds is present here. The alleged conflicts identified by Plaintiff do not raise a concern about the potential use of privileged information concerning Plaintiff, as Plaintiff does not claim that Defendant's attorneys previously represented him. Moreover, Plaintiff has not made a claim that the trial will be tainted by counsel's representation of Defendant, and there is no evidence in the current record to suggest that the attorneys at Cullen and Dykman will be unable to vigorously represent Defendant's interests, should this case proceed.

Plaintiff's motion is thus **DENIED**. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 37.

**SO ORDERED.**

DATED:   New York, New York
         June 3, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge

2