UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENJAMIN J. DELO,

        Plaintiff,

  -against-

FORDHAM UNIVERSITY,

        Defendant.

24-CV-6025 (JGLC) (VF)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

JESSICA G. L. CLARKE, United States District Judge:

  This motion to dismiss was referred to Magistrate Judge Valerie Figueredo for a Report and Recommendation. *See* ECF No. 3. In the Report and Recommendation filed on June 2, 2025, Magistrate Judge Figueredo recommended that the motion be granted. *See* ECF No. 39.

  In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

  In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object.

*See* ECF No. 39. In addition, the Report and Recommendation expressly called Plaintiff's attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The Court further granted Plaintiff's two extension requests, which gave him until August 16, 2025 to file any objections. *See* ECF Nos. 42, 45. Nevertheless, as of the date of this Order, no objections have been filed. Plaintiff's motion for reconsideration, which was filed before the August 16 deadline, was not an objection to the Report and Recommendation and focused only on alleged conflicts of interest between Defendant and Defendant's counsel. *See* ECF No. 46. Judge Figueredo promptly denied that motion. ECF No. 47. Accordingly, Plaintiff has waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Despite the waiver, the Court has reviewed the petition and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. Because Plaintiff does not have standing, the Court lacks subject matter jurisdiction and must dismiss the case. Fed. R. Civ. P. 12(b)(1); *see also* Fed. R. Civ. P. 12(h)(3). Even if Plaintiff did have standing, he has failed to state a claim. Fed. R. Civ. P. 12(b)(6). Accordingly, the Report and Recommendation is ADOPTED in its entirety. Plaintiff's claims under 18 U.S.C. § 600, 26 U.S.C. § 501(c)(3), 52 U.S.C. § 30118, and the New York Constitution are dismissed with prejudice, while his Section 1983 and Title VI claims are dismissed without prejudice. Defendant's motion to dismiss is GRANTED. Plaintiff has until September 26, 2025, to file an amended complaint to allege facts that establish standing and plead plausible Section 1983 and Title VI claims. If Plaintiff fails to do so, Plaintiff's remaining claims will be dismissed with prejudice, and the Court will close this case.

In addition, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate ECF No. 19 and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: August 27, 2025
New York, New York

*Jessica Clarke*
_____
JESSICA G. L. CLARKE
United States District Judge