UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENJAMIN J. DELO,

                       Plaintiff,

      -against-

FORDHAM UNIVERSITY,

                       Defendant.

24-CV-6025 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

      Plaintiff Benjamin J. Delo ("Plaintiff") brought this action against Defendant Fordham University ("Fordham") on August 3, 2024, asserting claims that arose out of Fordham's decision to deny his son admission to the university. *See* ECF No. 1. Fordham moved to dismiss. ECF No. 19. On June 2, 2025, Judge Figueredo issued a Report and Recommendation recommending that the Court grant Fordham's motion to dismiss. ECF No. 39. Plaintiff then filed a motion for reconsideration, which Judge Figueredo denied. ECF Nos. 46, 47. On August 27, 2025, the Court adopted the Report and Recommendation in full and granted Fordham's motion to dismiss. ECF No. 48 ("Order"). Finding the Report and Recommendation to be "well reasoned and grounded in fact and law," the Court agreed that "Plaintiff does not have standing" and, even if he did, "has failed to state a claim." *Id.* at 2. That same day, Plaintiff filed a new Motion for Reconsideration and an accompanying letter. ECF Nos. 49, 50. Having reviewed Plaintiff's motion and letter, the Court finds no basis for reconsideration.

      S.D.N.Y. Local Rule 6.3 requires that any motion for reconsideration be based upon "the matters or controlling decisions which the moving party believes the court has overlooked." The rule "is to be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly construed by the court." *Lent v.*

*Fashion Mall Partners, L.P.*, 243 F.R.D. 97, 98 (S.D.N.Y. 2007) (internal citation omitted). In other words, a motion for reconsideration will be denied unless the moving party can point to data "that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The standard for reconsideration is strict and the decision is 'within the sound discretion of the district court.'" *Robbins v. H.H. Brown Shoe Co.*, No. 08-CV-6885 (WHP), 2009 WL 2496024, at *1 (S.D.N.Y. July 27, 2009) (citing *Colodney v. Continuum Health Partners, Inc.*, No. 03-CV-7276 (DLC), 2004 WL 1857568, at *1 (S.D.N.Y. Aug. 18, 2004)).

In his motion and letter, Plaintiff points to no "controlling decisions or data that the court overlooked[.]" *Shrader v. CSX Transp. Inc.*, 70 F.3d at 257. Instead, Plaintiff focuses on the Report and Recommendation's state actor analysis and Defendant's tax-exempt status. *See* ECF No. 50 at 1–4. Plaintiff's arguments are neither dispositive nor convincing. They merely seek to "respond" to old issues the Court has already decided. *Id.* at 1; *Shrader v. CSX Transp. Inc.*, 70 F.3d at 257. And they do nothing to alter the Court's conclusions that Plaintiff lacks standing and has failed to state a claim. If anything, the only new information that Plaintiff presents that could arguably affect the Court's reasoning—though not its holding—is information that Plaintiff concedes may moot his case. ECF No. 50 at 4 (acknowledging that, given Fordham's website changes, the case "seems moot now").

In short, Plaintiff fails to meet the strict standard for reconsideration. *See Lent v. Fashion Mall Partners, L.P.*, 243 F.R.D. at 98. As such, and for the reasons set forth in the Order and Report and Recommendation, the Motion for Reconsideration is DENIED. The Clerk of Court is respectfully directed to terminate ECF No. 50.

Dated: October 28, 2025  
      New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE  
United States District Judge